UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)    Cause No. 1:12-cr-0184 TWP-MJD<br>)<br>DANIEL LADERSON, )<br>)<br>Defendant. ) | |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Michelle P. Brady, Assistant United States Attorney, and the Defendant, Daniel Laderson (hereinafter, "Defendant"), in person and by counsel, Marla Rae Thomas, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and the following are its terms and conditions:

1. Defendant agrees to enter a plea of guilty to Count One of the indictment, Conspiracy to Possess with Intent to Distribute and to Distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, a felony offense. This offense may be punished by a prison term of between 5 and 40 years in prison, a period of supervised release of not less than 4 years, and a fine of up to $5,000,000. The elements of this offense are that a conspiracy to possess with intent to distribute and to distribute controlled substances existed, and that Defendant knowingly and intentionally became a member of the conspiracy.

**GENERAL PROVISIONS**

2. Defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 1. Defendant agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the

statutory range. Defendant agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range. Defendant agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. Defendant agrees and understands that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

3. Defendant acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then Defendant will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

## SENTENCING GUIDELINES STIPULATIONS

4. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

    a. The applicable base offense level is 26 [U.S.S.G. § 2D1.1];

    b. To date, Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct and timely provided complete information to the

government concerning his own involvement in the offense. In the event he continues to accept responsibility, he is entitled to a three level reduction, pursuant to U.S.S.G. § 3E1.1;

      c.    If Defendant meets all five prongs for "safety valve" relief, the United States will recommend a two level decrease in the offense level under U.S.S.G. 5C1.2;

      d.    The parties will recommend a sentence at the low end of the Guideline range as calculated above. The parties agree that this will result in a sentence that is sufficient to meet the sentencing objectives set forth in Title 18, United States Code, Section 3553.

## SPECIFIC PROVISIONS

5.    Defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, Defendant expressly waives his right to appeal on any ground. Defendant waives his right to appeal the sentence imposed, including the right to appeal conferred by Title 18, United States Code, Section 3742. Defendant waives the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255.

6.    The parties agree that the imposition of a fine is left to the discretion of the Court.

7.    Defendant agrees to pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to Title 18, United States Code, Section 3013.

8.    Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines imposed by the Court.

9. Defendant acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement, or not known to the government at this time.

## FINAL PROVISION

10. Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce Defendant to plead guilty. This document is the complete and only plea agreement between Defendant and the United States Attorney for the Southern District of Indiana and supersedes any and all other agreements. This plea agreement may be modified only by the parties either in writing signed by all parties, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

7/24/2013
DATE

Michelle Brady
Assistant United States Attorney

7/24/2013
DATE

for Matthew Brookman
Lead OCDETF Attorney

7/10/2013
DATE

Daniel Laderson
Defendant

7/10/2013
DATE

Marla Rae Thomas
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

7/10/2013
DATE

Daniel Laderson
Defendant